FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION   2011 SEP 15 P 2: 55

CLERK US DISTRICT COURT
ALEXANDRIA. VIRGINIA

CANON INC.,

        **Plaintiff,**

    v.

COLOR IMAGING, INC.,
UNINET IMAGING, INC. and
UI SUPPLIES, INC.,

        **Defendants.**

Case No.: 1:11 CV 989 AJT/IDD

JURY TRIAL DEMANDED

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Canon Inc. ("Canon"), for its Complaint against Defendants Color Imaging, Inc.,

UniNet Imaging, Inc. and UI Supplies, Inc. (collectively, "Defendants"), alleges as follows:

### The Parties

1.      Canon is a corporation organized and existing under the laws of Japan having its

principal place of business at 30-2, Shimomaruko 3-chome, Ohta-ku, Tokyo 146-8501, Japan.

2.      Canon is a leading innovator, manufacturer and seller of a wide variety of copying

machines, laser beam printers, inkjet printers, cameras and other consumer, business and

industrial products.

3.      Canon has subsidiaries and affiliates around the world, including at least two

located within this judicial district, namely, Canon Virginia, Inc. and Canon Information

Technology Services, Inc.

4. On information and belief, Defendant Color Imaging, Inc. ("CI") is a corporation organized and existing under the laws of Delaware, having its principal place of business at 4350 Peachtree Ind. Blvd., Suite 100, Norcross, Georgia 30071.

5. On information and belief, Defendant UniNet Imaging, Inc. is a corporation organized and existing under the laws of California, having its principal place of business at 3232 West El Segundo Blvd., Hawthorne, California 90250.

6. On information and belief, Defendant UI Supplies, Inc. is a corporation organized and existing under the laws of New York, having its principal place of business at 95 Orville Drive, Bohemia, New York 11716.

7. On information and belief, UI Supplies, Inc. is a subsidiary of UniNet Imaging, Inc. and a distributor UniNet Imaging, Inc.'s products. Herein, UniNet Imaging, Inc. and UI Supplies, Inc. are referred to collectively as "UniNet."

## Jurisdiction and Venue

8. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. Defendants are subject to this Court's personal jurisdiction, consistent with the principles of due process and the Virginia Long-Arm Statute, because each of them, directly or through intermediaries, is transacting business, supplying products, committing acts of patent infringement and/or contributing to and inducing acts of patent infringement by others in Virginia, including in this judicial district.

10. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c), 28 U.S.C. § 1400(b) and Local Civil Rule 3(C).

### Canon's Patent-in-Suit

11.     On January 12, 2010, U.S. Patent No. 7,647,012 (the "'012 patent"), entitled "Sealing Member, Toner Accommodating Container and Image Forming Apparatus," duly and legally issued to Canon as assignee of the inventors, Yusuke Yamada, Yutaka Ban, Katsuya Murakami, Fumio Tazawa and Hironori Minagawa.  A true and correct copy of the '012 patent is attached as Exhibit A.

12.     Canon is the sole owner of the entire right, title and interest in and to the '012 patent, including the right to sue and recover for any and all infringements thereof.

13.     The '012 patent describes and claims, among other things, a toner supply container capable of being used in an electrophotographic image forming apparatus such as a copier.  The toner supply container is designed to be inserted into and removed from an electrophotographic image forming apparatus, as needed, in order to replenish the electrophotographic image forming apparatus' toner.

14.     On January 12, 2010, Canon filed a lawsuit alleging infringement of the '012 patent against Densigraphix Kopi Inc. and Densigraphix Inc. (collectively, "Densigraphix") in this judicial district, Case No. 1:10-cv-34-CMH-IDD.  This lawsuit resulted in a Stipulation, Consent Judgment and Permanent Injunction, which the Court entered on March 9, 2010.

15.     On June 29, 2010, Canon filed a lawsuit alleging infringement of the '012 patent against Copylite Products Corp., Copylite Products, LLC (collectively, "Copylite") and Polek & Polek Inc. ("Polek") in this judicial district, Case No. 2:10-cv-313-JBF-TEM.  This lawsuit resulted in a Stipulation, Consent Order and Permanent Injunction as to each of Copylite and Polek, which the Court entered on September 16, 2010.

16. The aforementioned Permanent Injunctions, among other things, permanently enjoined Densigraphix, Copylite and Polek from making, using, selling, offering to sell and importing certain toner bottle products (the "Enjoined Toner Bottle Products").

## Defendants' Infringing Activities

17. On information and belief, Defendants are engaged in the business of manufacturing, selling and/or offering to sell replacement toner products and parts for copiers and printers, including toner bottle products for use in Canon imageRUNNER® copiers. Defendants market their toner bottle products as purported alternatives to genuine toner bottle products manufactured by Canon and sold under the Canon brand name. Included among such toner bottle products are at least the following (collectively, the "Accused Toner Bottle Products"):

| Defendant's Product Designation | Promoted by Defendants For Use In | Corresponding Genuine Canon Toner Bottle Product |
|---|---|---|
| CI Designation: FCA2270<br><br>UniNet Designation: 11717 | imageRUNNER® 2230/2270/2830/2870/ 3025/3035/3225/3230/ 3235/3245/3530/3570/ 4570 | GPR-15/16 |
| UniNet Designation: 11718 | imageRUNNER® 5070/5570/5570N/6570/ 6570N | GPR-17 |
| UniNet Designation: 13714 | imageRUNNER® 7086/7090/7095/7105 | GPR-19 |
| UniNet Designation: 13691 | imageRUNNER® 5050/5055/5065/5075 | GPR-24 |

| CI Designations: FCAC5051-C FCAC5051-M FCAC5051-Y FCAC5051-K | imageRUNNER® ADVANCE C5045/ C5051 | GPR-30 |
|---|---|---|
| CI Designations: FCAC5035-C FCAC5035-M FCAC5035-Y FCAC5035-K<br><br>UniNet Designations: 15929 15930 15931 15932 | imageRUNNER® ADVANCE C5030/ C5035 | GPR-31 |

18.    On information and belief, Defendants sell the Accused Toner Bottle Products within this judicial district.

19.    On information and belief, Defendants substantially undercut the price that Canon charges for the corresponding genuine Canon toner bottle products.

20.    On information and belief, the Accused Toner Bottle Products are substantially identical in structure to the Enjoined Toner Bottle Products.

**Cause of Action: Infringement of U.S. Patent No. 7,647,012**

21.    Canon repeats and incorporates by reference the allegations of paragraphs 1-20 above.

22.    Defendants are directly infringing the '012 patent by making, using, importing, selling and/or offering to sell toner bottle products embodying the invention defined by one or more claims of the '012 patent, including without limitation the Accused Toner Bottle Products, without authority or license of Canon.

23. Defendants are also indirectly infringing the '012 patent by inducing and/or contributing to the direct infringement of the '012 patent by end users of the Accused Toner Bottle Products. On information and belief, Defendants are aware of the '012 patent and of their infringement thereof, or, alternatively, Defendants are willfully blind as to the existence of the '012 patent and their infringement thereof. Further, on information and belief, Defendants knowingly induce end users to use the Accused Toner Bottle Products, thereby inducing infringement of the '012 patent. On information and belief, Defendants also contribute to infringement of the '012 patent. In particular, the Accused Toner Bottle Products are specially adapted for an infringing use, and they are not staple articles of commerce suitable for substantial non-infringing use.

24. Defendants' acts complained of herein are damaging and will continue to cause irreparable injury and damage to Canon for which there is no adequate remedy at law. Canon is therefore entitled to preliminary and permanent injunctions restraining and enjoining Defendants from infringing the claims of the '012 patent.

25. By reason of Defendants' infringing activities, Canon is suffering and will continue to suffer substantial damages in an amount to be determined at trial.

26. On information and belief, Defendants knew or should have known of the objectively high likelihood that their actions constituted infringement of the '012 patent, but nonetheless have continued their infringement. Defendants' infringement, therefore, is and has been willful, and this case is exceptional under 35 U.S.C. § 285.

## Prayer for Relief

WHEREFORE, Canon prays for judgment and relief as follows:

A.    That Defendants have directly infringed, contributorily infringed and induced others to infringe the '012 patent under 35 U.S.C. § 271;

B.    That Defendants' infringement be declared and adjudged to be willful and deliberate;

C.    That Defendants and their subsidiaries, affiliates, officers, directors, agents, servants, employees, successors and assigns, and all other persons and organizations in active concert or participation with them, be preliminarily and permanently enjoined from further acts of infringement of the '012 patent pursuant to 35 U.S.C. § 283;

D.    That Defendants be ordered to pay damages adequate to compensate Canon for Defendants' infringement of the '012 patent pursuant to 35 U.S.C. § 284;

E.    That by reason of the willful and deliberate nature of the infringement, such damages be trebled pursuant to 35 U.S.C. § 284;

F.    That Canon be awarded its attorney fees pursuant to 35 U.S.C. § 285;

G.    That Defendants be ordered to pay prejudgment and postjudgment interest at the maximum rate allowed by law;

H.    That Defendants be ordered to pay all of Canon's costs associated with this action; and

I.    That Canon be granted such other and additional relief as the Court deems just and proper.

## Jury Demand

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Canon demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: September 15, 2011

Edmund J. Haughey (VSB # 42845)
FITZPATRICK, CELLA, HARPER & SCINTO
975 F Street, NW
Washington, DC 20004-1462
Tel: (202) 530-1010
Fax: (202) 530-1055
E-mail: ehaughey@fchs.com

Craig C. Reilly (VSB # 20942)
111 Oronoco Street
Alexandria, Virginia 22314
Tel: (703) 549-5354
Fax: (703) 549-2604
E-mail: craig.reilly@ccreillylaw.com

Of Counsel:

Nicholas M. Cannella
Michael P. Sandonato
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, New York 10104-3800
Tel: (212) 218-2100
Fax: (212) 218-2200
E-mail: ncannella@fchs.com, msandonato@fchs.com

*Attorneys for Plaintiff Canon Inc.*