UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MAY 1 8 2012

CANON INC.                              )
                                        )
        Plaintiff,                      )
                                        )
    v.                                  )    Case No. 1:11-cv-00989 (AJT/IDD)
                                        )
UNINET IMAGING, INC.                    )
and UI SUPPLIES, INC.,                  )
                                        )
        Defendants.                     )
_____)

## REPORT AND RECOMMENDATION

This matter is before the Court on Canon Inc.'s ("Canon" or "Plaintiff") Motion for

Default Judgment against UniNet Imaging, Inc. and UI Supplies, Inc. (collectively, the "UniNet

Defendants"), pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.  (Dkt. No. 20.)

After a licensed attorney for either defendant failed to appear at the January 20, 2012 hearing, the

undersigned Magistrate Judge took this matter under advisement to issue this Report and

Recommendation.  Upon consideration of the Complaint, the Motion for Default Judgment, the

supporting affidavits and documentation thereto, and relevant portions of the underlying record,

the undersigned Magistrate Judge recommends that Plaintiff's motion be GRANTED.

### I.      INTRODUCTION

Canon filed a Complaint on September 15, 2011, seeking relief based on a claim for

patent infringement against the UniNet Defendants and Color Imaging, Inc. (Dkt. No. 1.)  On

November 8, 2011, after the UniNet Defendants defaulted by failing to appear or respond to the

Complaint, the Honorable United States District Judge Anthony J. Trenga issued an Order

severing Canon's claim against Color Imaging and transferring that claim to the Northern

1

District of Georgia, Atlanta Division. (Dkt. No. 19.) Canon now seeks an entry of default judgment against the UniNet Defendants and requests that this Court issue a permanent injunction against the same. (Pl.'s Mot. Def. J.)

## A. **Jurisdiction and Venue**

This Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338(a) because this is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court may exercise personal jurisdiction over the UniNet Defendants by virtue of the Virginia Long-Arm Statute, Va. Code § 8.01-328.1, because each transacted business and supplied products in Virginia. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) and (c), as well as 28 U.S.C. § 1400(b). Accordingly, this Court has jurisdiction over this matter, and this Court is also a proper venue for this action.

## B. **Service of Process**

Rule 4(h) of the Federal Rules of Civil Procedure governs service upon corporations and allows service by delivering a copy of the Summons and of the Complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. Rule 4(h) also allows service by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. *See* Fed. R. Civ. P. 4(e)(1). In this action, three states are implicated: Virginia, the state where the district court is located; California, the state where UniNet Imaging, Inc. is incorporated; and New York, the state where UI Supplies, Inc. is incorporated. Thus, service is proper if it is executed according to the Federal Rules of Civil Procedure, Virginia law, California law, or New York law, as applicable.

On September 16, 2011, a private process server delivered a copy of the Summons and Complaint to Cathy Krieger-Jewell of Corporation Service Company, registered agent for service of process for UI Supplies, Inc. (Dkt. No. 10.) Based on the proof of service submitted, the undersigned finds that UI Supplies, Inc. was properly served.

On September 27, 2011, a private process server delivered a copy of the Summons and Complaint to Jennifer "Doe," a woman who identified herself as a person authorized to accept service on behalf of UniNet Imaging, Inc. (Dkt. No. 9.) It is unclear who Jennifer "Doe" is, as she refused to provide the private process server with her last name. Nonetheless, she identified herself as a person authorized to accept service on behalf of UniNet, and such service occurred at the corporate office in Hawthorne, California. (*Id.*) Further, counsel for Canon represented to the Court at the January 20, 2012 hearing that Jennifer "Doe" stated that she was authorized to accept service on behalf of UniNet Imaging, Inc. Based on the proof of service and counsel's representations, the undersigned finds that service was effective as to UniNet Imaging, Inc.[1]

## C. Grounds for Entry of Default

Plaintiff filed its Complaint on September 15, 2011. (Dkt. No. 1.) On October 28, 2011, Plaintiff filed a Request for Entry of Default against the UniNet Defendants (Dkt. No. 15), and on November 2, 2011, the Clerk entered default against the same. (Dkt. No. 17.) On December 30, 2011, Plaintiff filed a Motion for Default Judgment (Dkt. No. 20), and on January 20, 2012, the Court convened a hearing on Plaintiff's motion. (Dkt. No. 23.) When no representative for either defendant appeared at the hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

---

[1] Plaintiff's memorandum in support also informs the Court that an attorney for the UniNet Defendants contacted Plaintiff's counsel on November 1, 2011. (Mem. Supp. Def. J. at 7.) This contact prompted settlement discussions, which ultimately failed on November 14, 2011. (*Id.*) As a result, counsel for the UniNet Defendants stated that he intended to file an answer by November 21, 2011. (*Id.*) Yet, no answer or other appearance has ever been made in this case by any purported counsel for the UniNet Defendants. Therefore, it is clear that the UniNet Defendants received a copy of the complaint, were apprised of the claims, and chose not to respond.

3

## II.   FINDINGS OF FACT

Upon a full review of the pleadings, the undersigned Magistrate Judge finds that the Plaintiff has established the following facts.

Canon is a Japanese corporation with its principal place of business located in Tokyo, Japan. (Compl. ¶ 1.) "Canon is a leading innovator, manufacturer and seller of a wide variety of copying machines, laser beam printers, inkjet printers, cameras and other consumer, business and industrial products." (*Id.* ¶ 2.) UniNet Imaging, Inc. is a Californian corporation with its principal place of business located in Hawthorne, California. (*Id.* ¶ 4.) UI Supplies, Inc. is a New York corporation with its principal place of business located in Bohemia, New York. (*Id.* ¶ 5.) UI Supplies, Inc. is a subsidiary of UniNet Imaging, Inc., as well as a distributor of UniNet's products. (*Id.* ¶ 7.)

On January 12, 2010, U.S. Patent No. 7,647,012 ("the '012 patent")[2] duly and legally issued to Canon. (Compl. ¶ 11.) At all relevant times, Canon has been the sole owner of the '012 patent. (*Id.* ¶ 12.) This patent "describes and claims, among other things, a toner supply container capable of being used in an electrophotographic image forming apparatus such as a copier." (*Id.* ¶ 13.) That is, the '012 patent focuses on a specially designed "toner bottle" and/or "toner supply container." (Mem. Supp. Def. J. at 1.)

The UniNet Defendants are "engaged in the business of manufacturing, selling, and/or offering to sell replacement toner products and parts for copiers and printers, including toner bottle products for use in Canon imageRUNNER® copiers." (Compl. ¶ 17.) As is apparent, Canon and the UniNet Defendants are direct competitors. The UniNet Defendants, however,

---

[2] The '012 patent is titled "Sealing Member, Toner Accommodating Container and Image Forming Apparatus." (Compl. ¶ 11.) The inventors associated with said patent are Yusuke Yamada, Yutaka Ban, Katsuya Murakami, Fumio Tazawa, and Hironori Minagawa. (*Id.*) The '012 patent issued to Canon as assignee of the inventors, and granted to Canon the entire right, title, and interest in the patent. (*Id.* ¶¶ 11, 12.)

"market their toner bottle products as purported alternatives to genuine toner bottle products manufactured by Canon and sold under the Canon brand name." (*Id.*) Further, the UniNet Defendants sell the alleged infringing toner bottle products at a substantially lower price than the genuine Canon toner bottle products. (*Id.* ¶ 19.) Moreover, the UniNet Defendants sell their infringing toner bottle products within the Eastern District of Virginia. (*Id.* ¶ 18.) The alleged infringing toner bottle products are set forth in the following table:

| UniNet Defendants' Product Designation | Promoted by UniNet Defendants For Use In | Corresponding Genuine Canon Toner Bottle Product |
| --- | --- | --- |
| 11717 | imageRUNNER® 2230/2270/2830/2870/ 3225/3235/3245/3530/ 3570/4570 | GPR-15/16 |
| 11718 | imageRUNNER® 5070/5570/5570N/ 6570/6570N | GPR-17 |
| 13714 | imageRUNNER® 7086/7090/7095/7105 | GPR-19 |
| 13691 | imageRUNNER® 5050/5055/5065/5075 | GPR-24 |
| 15929; 15930 15931; 15932 | imageRUNNER® ADVANCE C5030/C5035 | GPR-31 |

(Compl. ¶ 17; Mem. Supp. Def. J. at 6.)

The above alleged infringing toner bottle products are substantially identical in structure to toner bottle products that were the subject of prior litigation. (Compl. ¶ 20.) Specifically, in 2010, Canon filed lawsuits for infringement of the '012 patent against Densigraphix Kopi Inc., Densigraphix Inc., Copylite Products Corp., Copylite Products, LLC, and Polek & Polek Inc. (*Id.* ¶¶ 14,15.) *See Canon Inc. v. Densigraphix Kopi Inc., et al.*, Case No. 1:10-cv-34; *Canon Inc. v. Copylite Products Corp., et al.*, Case No. 2:10-cv-313. Each lawsuit resulted in a Stipulation, Consent Judgment and Permanent Injunction as to each defendant, enjoining them from making, using, or selling certain toner bottle products." (Compl. ¶¶ 14, 15, 16.)

5

## III.    EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." A defendant in default concedes the factual allegations of the complaint. *See, e.g., Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008) (citing *Ryan* ); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has the effect of admitting factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of law, and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the Court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186,193 (4th Cir. 2009) (citing *Iqbal*, 129 S.Ct. at 1950).

6

## A. **Patent Infringement**

Canon seeks to hold the UniNet Defendants liable for patent infringement under 35 U.S.C. § 271. Although the Complaint does not specify separate counts of patent infringement, Canon has alleged both direct infringement as well as indirect infringement. (Compl. ¶¶ 22, 23.) In order to prevail on a claim for indirect infringement, a plaintiff must first allege sufficient facts to set out a claim for direct infringement. *Epcon Gas Systems, Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1033 (Fed. Cir. 2002). Therefore, the undersigned first evaluates Canon's claim for direct infringement, and second, the claims for indirect infringement.

However, prior to evaluating the claims of infringement, the undersigned observes that Canon's Complaint is largely bereft of actual factual allegations that support its claims for patent infringement (either direct or indirect). Although Canon's memorandum in support of its Motion for Default Judgment arguably contains sufficient facts to survive a 12(b)(6) motion to dismiss, the Court, at this juncture, is restrained to consider only the well-pleaded factual allegations in the Complaint. *See, e.g.*, Fed.R.Civ.P. 12(d); *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). Even in a patent case, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

Certainly, in the wake of *Twombly* and *Iqbal*, courts have wrestled with the requisite pleading standards in patent cases, due in large part to the inconsistency of the heightened pleading standards with the conclusory allegations in Form 18, which Rule 84 ostensibly finds sufficient to meet the pleading standards of Rule 8(a). *See, e.g.*, *Colida v. Nokia, Inc.*, 347 Fed. Appx. 568, 571 n.2 (Fed. Cir. 2009) (unpublished) (in dicta, questioning the viability of Form 18, stating that "Form 18 is a sample pleading for patent infringement, but it was not tailored to

7

design patents and was last updated before . . . *Iqbal*"); *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-58 (Fed. Cir. 2007) (a pre-*Iqbal* case, setting a low bar for *pro se* plaintiffs to plead patent infringement cases); *BIAX Corp. v. Motorola Solutions, Inc.*, No. 10-cv-03013, 2012 WL 502727, at *2-3 (D. Colo. Feb. 15, 2012) (finding "no persuasive reason not to apply *Twombly* and *Iqbal* to plaintiff's claims of indirect infringement"); *Rovi Corp. v. Hulu, LLC*, No. 11-665, 2012 WL 261982, at *2-3 (D. Del. Jan. 27, 2012) (noting that "other district courts have found *McZeal* to be irreconcilable with *Twombly* and *Iqbal* and have declined to follow it altogether"); *Tyco Fire Prods LP v. Victaulic Co.*, 777 F.Supp.2d 893, 902-05 (E.D. Pa. 2011) (finding that "the forms purporting to illustrate what level of pleading is required do not reflect the sea change of *Twombly* and *Iqbal*"); *Wistron Corp. v. Phillip M. Adams & Associates, LLC*, No. C-10-4458, 2011 WL 4079231, at *3-4 (N.D. Cal. Sept. 12, 2011) ("Numerous district courts have recognized that there is an apparent tension between what Form 18 and what *Twombly* and *Iqbal* deem sufficient."); *W.L. Gore & Associates, Inc. v. Medtronic, Inc.*, 778 F.Supp.2d 667, 673-77 (E.D. Va. 2011) (recognizing that "[i]t is difficult to reconcile the pleading standards set forth in *Twombly* and *Iqbal* with the legally conclusive form of pleading found in Form 18"); *Cleversafe Inc. v. Amplidata, Inc.*, No. C 11-4890, 2011 WL 6379300, at *1-2 (N.D. Ill. Dec. 20, 2011) (adopting "the approach mandated by *Twombly* and *Iqbal*," requiring that a "pleading must contain sufficient facts to state a plausible claim for relief"); *Bender v. LG Electronics USA, Inc.*, No. C 09-02114, 2010 WL 889541, at *2-6 (N.D. Cal. Mar. 11, 2010) ("recognize[ing] the lack of complete uniformity in recent district court authority [and finding] persuasive those decisions requiring enough specificity to give the defendant notice of what products or aspects of products allegedly infringe"); *Realtime Data, LLC v. Stanley*, 721 F.Supp.2d 538, 542-44 (E.D. Tex. 2010) (concluding that "*Twombly* and *Iqbal* have not affected the adequacy of complying with

8

Form 18"); *Elan Microelectronics Corp. v. Apple, Inc.*, No. C 09-1531, 2009 WL 2972374, at *2 (N.D. Cal. Sept. 14, 2009) ("[i]t is not easy to reconcile Form 18 with the guidance of the Supreme Court in *Twombly* and *Iqbal*"); *Sharafabadi v. Univ. of Idaho*, No. C 09-1043, 2009 WL 4432367, at *2-4 (W.D. Wash. Nov. 27, 2009) ("The Federal Circuit and a range of district courts have concluded that the sample complaint of Form 18 meets the *Twombly* standard."). Indeed, "[t]his inconsistency between the Supreme Court's interpretation of Rule 8(a) and the forms Rule 84 validates should be remedied: either by modifying or eliminating Rule 84 or by updating the forms to clearly comply with existing law." *Tyco*, 777 F.Supp.2d at 905.

However, with such current uncertainty and inconsistency among the district courts, and without further clarification from the Supreme Court or the Courts of Appeals, patent practitioners may do well to amplify their pleadings to be consistent with the dictates of *Twombly* and *Iqbal*. With this in mind, the undersigned now proceeds to evaluate Canon's Complaint.

### 1. Direct Infringement

First, Canon alleges that the UniNet Defendants are liable for direct patent infringement. (Compl. ¶ 22.) The relative statutory provision, 35 U.S.C. § 271(a), provides, in pertinent part, that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent thereof, infringes the patent." 35 U.S.C. § 271(a). No intent or knowledge of the infringement is required on a claim of direct infringement. *Id.*

In reviewing the Complaint for factual allegations that suffice to state a claim for direct infringement, the undersigned again notes that Canon's Complaint is not particularly specific. That said, the allegations clearly identify the patent at issue (the '012 patent), Canon's ownership

of the patent, and the toner products that allegedly directly infringe. Further, Canon alleges that the UniNet Defendants directly infringe the '012 patent by either "making, using, importing, selling and/or offering to sell toner bottle products embodying the invention defined by one or more claims of the '012 patent . . . without authority or license of Canon." (Compl. ¶ 22.) In this case, this is adequate to establish a plausible basis for a claim for direct infringement.

With the benefit of Canon's memorandum in support of its motion for default judgment, the undersigned finds that there is ample support for Canon's claim of direct infringement. Indeed, Canon's technical expert, Dr. Sturges, found that "the accused UniNet toner bottle products . . . infringe at least claims 1-5, 8, 10, 23-27, and 30 of the '012 patent." (Mem. Supp. Def. J. at 10; Sturges Decl. ¶¶ 2, 35, 36.) Moreover, Dr. Struges' declaration provides a detailed and thorough analysis of the '012 patent as well as an examination of the accused toner bottle products, further supporting Canon's claims for infringement. (*See generally*, Sturges Decl.)

### 2. Indirect Infringement

Second, Canon alleges that the UniNet Defendants are liable for indirect patent infringement. (Compl. ¶ 23.) Indirect infringement can occur by inducing or contributing to the direct infringement of a patent. *See* 35 U.S.C. § 271(b) and (c). Canon asserts that the UniNet Defendants are liable for indirect infringement under the theory of either or both inducement and contributory infringement. As previously noted, "[i]ndirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement." *Dynacore Holdings Corp. v. U.S. Phillips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004). Because the undersigned finds that the UniNet Defendants are liable for direct infringement, the Court need not reach the issue of indirect infringement.[3]

---

[3] The undersigned again expresses concerns over the lack of factual allegations set forth in Canon's Complaint regarding its claims for indirect infringement. However, because the Court finds that there are enough facts to

### 3. <u>Injunctive Relief</u>[4]

A court may grant injunctive relief "in accordance with principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283. In considering whether to grant a plaintiff's request for a permanent injunction in a patent infringement case, the Court must consider the four-factor test applied by the courts of equity. *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, No. 2:10-cv-248, 2011 WL 5878365, at *1 (E.D. Va. Nov. 23, 2011). Thus, a plaintiff must demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006) (citations omitted). The decision to grant a permanent injunction is within the sound discretion of the district court. *Id.* Applying the four-factor test to the instant case, the undersigned finds that entry of a permanent injunction is appropriate under the circumstances.

First, Canon has suffered an irreparable injury and will likely suffer even greater irreparable harm if the UniNet Defendants are not permanently enjoined from infringing the '012 patent. In that regard, the undersigned notes that this is a case involving direct marketplace competition between the patentee (Canon) and the alleged infringer (the UniNet Defendants). The UniNet Defendants sell their infringing toner bottle products in the same market as Canon and at substantially lower price. (Compl. ¶ 19.) Based on the materials provided to the Court by Canon, the undersigned finds that Canon has suffered an irreparable harm through loss of market

---

support Canon's claim for direct infringement, albeit just barely, there is no need to review the adequacy of the additional allegations of indirect infringement. The Court need only find one type of infringement to grant relief.
[4] Although Canon's Complaint requested compensatory damages, treble damages, pre- and post-judgment interest, and attorneys' fees and costs, Canon has not requested such relief in its Motion for Default Judgment. (*See* Mem. Supp. Def. J. at 10-11.) Canon has, however, reserved its right to seek damages from the UniNet Defendants for any further infringement that occurs after an entry of default judgment in this matter. (*Id.* at 11 n.3.)

share, loss of goodwill, and loss of reputation. (Kitamori Decl. ¶¶ 18-20.) *See, e.g., Abbott Labs. v. Sandoz, Inc.*, 544 F.3d 1341, 1361-62 (Fed. Cir. 2008).

Second, Canon has no adequate remedy at law to compensate it for the irreparable harm it has suffered and will continue to suffer. "In many cases, the issues of irreparable harm and adequacy of remedies at law are inextricably linked." *ActiveVideo*, 2011 WL 5878365, at *7 (citing *Humanscale Corp. v. CompX, Inc.*, No. 3:09-cv-86, 2010 WL 1779963, at *4 (E.D. Va. Apr. 29, 2010) ("It is firmly established that the evidence necessary to satisfy this factor is intertwined with the evidence relevant to the irreparable harm inquiry.")). Having already found a dilution of market share, loss of goodwill, and loss of reputation, the undersigned notes the difficulty with converting that harm into dollars. *Id.* (stating that "losses associated with market share or brand recognition are hard to quantify"); *see also Toolchex, Inc. v. Trainor*, No. 3:08-cv-236, 2009 WL 2244486, at *2 (E.D. Va. July 24, 2009) ("Damages to reputation and goodwill are not items that are easily measured by a legal calculation of damages."). Therefore, the undersigned does not believe that an award of money damages would be an adequate remedy to compensate Canon for the harm caused by the infringement of the UniNet Defendants.

Third, the balancing of the hardships to Canon and the UniNet Defendants weighs in favor of issuance of a permanent injunction, as the UniNet Defendants will not face significant hardship if they are enjoined from further infringing the '012 patent. Canon, on the other hand, stands to lose not only additional market share, goodwill, and reputation, but also its ability to recoup its investment in the invention claimed in the '012 patent. (Kitamori ¶ 22-23.) Canon also notes that the UniNet Defendants have "over 15,000 quality products in stock." (Mem. Supp. Def. J. at 15-16.) With only eight products at issue here, an injunction is unlikely to put the UniNet Defendants out of business. Thus, this factor tips in favor of granting an injunction.

Lastly, the undersigned finds that it is in the public interest to permanently enjoin the UniNet Defendants from further infringing the '012 patent. "[T]he public has an interest in protecting patent rights, and . . . public policy generally favors the enforcement of such rights." *ActiveVideo*, 2011 WL 5878365, at *8 (citation omitted). Indeed, "without the right to obtain an injunction, the right to exclude granted to the patentee would have only a fraction of the value it was intended to have, and would no longer be as great an incentive to engage in toils of scientific and technological research." *Telequip Corp. v. Change Exchange*, No. 5:01-CV-1748, 2006 WL 2385425, at *2 (N.D.N.Y. Nov. 23, 2011). Further, Canon avers that an injunction prohibiting the UniNet Defendants from selling the infringing toner bottle products will not result in a "shortage of toner, as Canon is ready and able to meet the demand for toner by UniNet's customers, most if not all of whom presumably used to buy genuine Canon toner bottle products." (Mem. Supp. Def. J. at 16-17.) Indeed, the undersigned finds no evidence that the public would be disserved by a permanent injunction against the UniNet Defendants.

Therefore, the undersigned finds that, after considering the four-factor test espoused above, the UniNet Defendants should be permanently enjoined from any further activity that infringes the '012 patent, and that the district judge should enter an order consistent with the permanent injunction sought by Canon.

Specifically, Canon seeks to permanently enjoin the UniNet Defendants from the following:

> (a) making, using, selling and/or offering for sale in the United States, or importing into the United States, during the extant life of U.S. Patent No. 7,647,012 ("the '012 patent"), any of the toner bottle products identified below, any toner bottle product that is the same as or not colorably different from the toner bottle products identified below, and any other toner bottle product that falls within the scope of one or more claims of the '012 patent:

13

| UniNet Product # | Promoted For Use In |
|---|---|
| 11717 | imageRUNNER® 2230/2270/2830/2870/3225/ 3235/3245/3530/3570/4570 |
| 11718 | imageRUNNER® 5070/5570/5570N/ 6570/6570N |
| 13714 | imageRUNNER® 7086/7090/7095/7105 |
| 13691 | imageRUNNER® 5050/5055/5065/5075 |
| 15929; 15930 15931; 15932 | imageRUNNER® ADVANCE C5030/C5035 |

(b) otherwise directly infringing, or inducing or contributing to the infringement of, any claim of the '012 patent; and

(c) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) and (b) above.

(Dkt. No. 20-1, Proposed Order.)  The undersigned recommends that the district judge enter such an order, permanently enjoining the UniNet Defendants from further infringing the '012 patent.

## IV.    **RECOMMENDATION**

For the reasons set forth above, the undersigned Magistrate Judge recommends that the Plaintiff's Motion for Default Judgment be GRANTED, and that a permanent injunction be entered against the UniNet Defendants.

## V.    **NOTICE**

**By mailing copies of this report and recommendation, the parties are notified as follows.  Objections to this report and recommendation must, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, be filed within fourteen (14) days of service on you of this report and recommendation.  A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and**

recommendation and waives appellate review of a judgment based on this report and

recommendation.

The Clerk is directed to send a copy of this Report and Recommendation to counsel of

record and Defendants at the following addresses:

Marc Hankin, Esq.
HANKIN PATENT LAW
A PROFESSIONAL CORPORATION
6404 Wilshire Boulevard, Suite 1020
Los Angeles, CA 90048-5512

UniNet Imaging, Inc.                     UI Supplies, Inc.
Nestor Saporiti                          Corporation Service Company
3232 West El Segundo Boulevard           80 State Street
Hawthorne, CA 90250                      Albany, NY 12207

_____ /s/ _____
Ivan D. Davis
United States Magistrate Judge

May 18, 2012
Alexandria, Virginia